NO. 07-09-00202-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
29, 2010

 



 

GREGORY ALAN RUFF, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF SWISHER
COUNTY;

 

NO. B4202-0807; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant, Gregory Alan Ruff, was
convicted by jury of sexual assault of a child.[1]  The jury assessed punishment at two years
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice.  We affirm.

Factual and
Procedural History

            Appellant
was charged with sexual assault of a child, H.P.  On May 7, 2009, appellant filed an
Application to Issue Subpoena seeking a subpoena to Paulette Manning, custodian
of records at Plainview Independent School District (P.I.S.D.) for production
of “all information P.I.S.D. may have pertaining to the grades, health,
discipline, and education of [H.P.], . . . or any
other educational records.”  That same
day, a subpoena duces
tecum
issued directing Manning to appear and to bring with her all P.I.S.D. records
pertaining to H.P. “including all information [P.I.S.D.] may have pertaining to
the grades, health, discipline[,] and education of [H.P.], or any other
education records or information.”

            The
record does not reveal whether the State opposed disclosure or whether P.I.S.D.
resisted disclosure but, presumably in response to some reluctance or
disagreement concerning the production of the records, on or about May 11,
2009, appellant filed a motion requesting that the trial court conduct an in camera inspection of the school
records.  He requested that the trial
court inspect the records for “[a]ny
and all records and information revealing prior misconduct or bad acts
attributed to [H.P.]” and “[a]ll information
requested in the attached Application for Subpoena.”  The trial court granted appellant’s motion.

            P.I.S.D.’s
counsel delivered the requested records to the trial court, and the trial court
conducted its in
camera inspection of the records. 
Following its inspection, the trial court, by letter to defense counsel,
observed that the records contained, inter
alia, “personal information,” grades, “discipline referrals,” and
“attendance report[s]” and concluded that the records did not contain any
information that the trial court believed to be “relevant to the issues” in the
case.  The trial court explained that it
would monitor the evidence at trial and would alert the parties if any
information in the records may have become relevant.  The trial court ordered the P.I.S.D. records
sealed.

            Appellant
was convicted and sentenced.  He timely
appealed and now contends, by one issue, that the trial court’s in camera inspection and subsequent
denial of access to the complainant’s school records violated appellant’s due
process right to a fair trial.

Analysis

            On
appeal, appellant asserts that the trial court’s in camera inspection and subsequent sealing of the records deprived
him of his due process right to a fair trial.[2]  He maintains that the attendance records and
discipline referrals, described by the trial court in its letter ruling, would
have been relevant at trial.  The trial
court’s denial of access to the records, then, violated his due process right
to a fair trial.

Preservation of Error

            Appellant
made no objections and did not seek further relief following the trial court’s in camera
inspection and did not urge his position in the trial court.  He recognizes this potential obstacle and
asserts that, if error was not preserved, the trial court’s denial of access to
the school records was fundamental error.

            With
respect to his assertion that the trial court’s error was fundamental error, we
note that appellant does not direct us to any authority that would support his
position, and we have found none.  See
Mendez v. State, 138 S.W.3d 334, 341 (Tex.Crim.App.
2004) (holding that error preservation requirement does not apply to two types
of complaints: rights which are waivable only and
absolute systemic requirements).  Though
there is very little authority directly addressing a defendant’s right to
discovery in this situation, see May, 139 S.W.3d at 101–02, it
has been established that a criminal defendant does not have a general right to
discovery of evidence in the possession of the State.  Michaelwicz v. State, 186 S.W.3d 601, 612 (Tex.App.—Austin
2006, pet. ref’d).  And appellant concedes that the issue at bar does
not invoke an analysis for constitutional error under Brady v. Maryland
because the material sought to be discovered was not in the possession of the
State.  373 U.S. 83, 83
S.Ct. 1194, 10 L.Ed.
2d 215 (1963). 
We find no authority that would support the conclusion that the error of
which appellant complains falls into either of the two categories of errors
considered fundamental; the right to access these records is not an absolute
systemic right or a waivable-only right that was not
waived.  See Mendez, 138 S.W.3d at 341. 
We, therefore, must review the record to determine whether the error
alleged was preserved for our review.  

            In
his motion requesting the trial court’s in
camera inspection of the records, appellant requested the trial court
disclose “records and information revealing prior misconduct or bad acts
attributed to [H.P.]” and “[a]ll information
requested in the attached Application for Subpoena.”  His Application for Subpoena sought discovery
of  “all
information P.I.S.D. may have pertaining to the grades, health, discipline, and
education of [H.P.], . . . or any other educational records.”  So, in his motion, he did not specifically
request that the trial court inspect the record for “evidence . . . that may
lead to the discovery of direct evidence and impeachment evidence,” the
evidence on which he now bases his appeal. 
Further, when the trial court issued its letter ruling, appellant was
made aware of the scope of the trial court’s inspection and its conclusion
regarding the contents of the records. 
Appellant did not object to the trial court’s ruling or seek further
relief at that point.  Appellant again
failed to object or seek further relief when the trial court ordered the
records sealed. 

            Appellant
sought an in camera inspection, and
his motion was granted.  The trial court
inspected the records as requested, made its ruling to which appellant did not
object, and sealed the records to which order appellant did not object.  Simply put, appellant got the very relief
requested and sought no further relief. 
He cannot, now, complain on appeal of the trial court’s
in camera inspection, which he
sought, and its ruling on the relevance of the records inspected to which he
did not object.  He has not preserved his
issue for our review.  See Tex. R. App. P. 33.1(a)(1)(A).  Accordingly,
we overrule it.

Conclusion

            Having
overruled appellant’s sole issue on appeal, we affirm the trial court’s
judgment of conviction.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do
not publish.  











[1] See Tex. Penal Code Ann. § 22.011(a)(2)(B) (Vernon Supp. 2009).





[2] To support his contentions on appeal, appellant relies
almost exclusively on May v. State, 139 S.W.3d 93, 101 (Tex.App.—Texarkana 2004, pet. ref’d).  He interprets May as recognizing the
importance of not only direct evidence and impeachment evidence but also
evidence that may lead to the discovery of such evidence.  See id. at
101–02.  Due to our disposition of his
issue, we need not address the substance of his contentions or his reading of May.